465 S.E.2d 354 (1995)
Ex parte Lee S. BOWERS, Mary Kay Siren and D. Thomas Johnson, Jr., Appellants.
In re HAMPTON COUNTY DEPARMENT OF SOCIAL SERVICES, Respondent,
v.
Floyd and Julia BOLES, Bobbie J. Bryant, Mayan Bryant, Danny L. Capers, Sr., Lillian R. Capers, Mary Council, Helen Crosby, Katie Lou Dobson, et al, and Katrina Fields, Verdell Owens, Elizabeth Frazier, et al, and Diane Gardner, John Monroe, Eddie Patterson, Lillie and Cleveland Robinson, Julie Mae Russell, Karen Smith, Samuel White, Defendants.
JASPER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent,
v.
Nina MINGLEDORFF, Defendant.
In re Christopher MINGLEDORFF, Christy Mingledorff, Minors under the age of 18.
No. 24359.
Supreme Court of South Carolina.
Heard January 17, 1995.
Decided December 11, 1995.
*355 Robert W. Dibble, Jr., of McNair & Sanford, P.A.; and Stephen A. Spitz, Columbia, for appellants.
Deborah A. Malphrus, Ridgeland, for respondents.
George B. Cauthen, Steven A. McKelvey, Jr., and Shannon L. Till, all of Nelson, Mullins, Riley & Scarborough, Columbia, for amicus curiae, South Carolina Bar.
PER CURIAM:
Appellants, who are attorneys licensed to practice law in this State, challenged their appointments as guardians ad litem or counsel in eighteen family court matters filed in Jasper and Hampton Counties. They asserted that these appointments placed an undue burden on them because of the limited number of attorneys available for appointment in those counties. While agreeing that the burden was inequitable, the family court denied any relief holding any remedy must be fashioned by this Court. We affirm as modified.
After hearing oral arguments in this matter, we agree that the number of appointments in this case has placed an undue and inequitable burden on appellants. While it would be impossible to have any system of appointment that would not result in some disparity in the number of appointments received by attorneys in different counties of this State, the record indicates that the number of appointments received by these attorneys is completely disproportionate to the number of appointments received by attorneys in counties having a greater population of attorneys. Therefore, we agree with the family court that the burden on appellants is inequitable.
We disagree, however, with the family court's conclusion that it could do nothing about this inequity. In our opinion, when there is the level of disparity and undue burden involved in this case, the family court has the discretion to make appointments of attorneys outside the county to ease the burden. In doing so, the family court should, of course, consider the burden of appointments already placed on the out of county attorney.
The challenged appointments in this case were all made well over two years ago. Although appellants initially sought to be relieved from these appointments before the family court, they do not specifically seek this relief in their brief. Further, to relieve these attorneys at this point would work an injustice on the clients or wards who have now had an ongoing relationship with these attorneys for several years. Accordingly, we decline to afford the attorneys any relief regarding the challenged appointments.[1]
Finally, appellants assert that many of the appointments are not being made in a timely manner, giving them little time to prepare. In this situation, of course, the attorney should seek a continuance from the family court. While recognizing that there may be emergency situations which by necessity afford little time between the appointment and the hearing, family court judges should insure that an appointment is made sufficiently in advance of any hearing to give the attorney adequate time to prepare.
AFFIRMED AS MODIFIED.
TOAL, J., not participating.
NOTES
[1] In the amicus curiae brief, the South Carolina Bar asks this Court to adopt a comprehensive rule governing court appointments throughout the state. While we fully agree that such a rule is needed, we do not believe it is appropriate to adopt such a rule within the confines of this case. Instead, the kind of rule proposed is more appropriately promulgated through our normal rule making process where we can seek and receive comments from the bench, bar and public.